

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,627-01

### EX PARTE JASON RICHARD EIDAM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR21-0856-392A IN THE 392ND DISTRICT COURT
### FROM HENDERSON COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of possession of a controlled substance and sentenced to three years' imprisonment. He filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, in part, that a TDCJ parole panel violated his due process rights by imposing Special Condition M (sex offender registration) and Special Condition X (i.e., sex offender treatment), including completion of a sex offender education program as a condition of Applicant's parole release, when he had not been convicted of a sex offense and the panel had not determined that he constituted a threat to society by reason of his lack of sexual control. *Ex parte Evans,* 338 S.W.3d 545, 553 (Tex. Crim. App. 2011). In a June 12, 2023, habeas hearing, the trial judge

received a copy of a 2015 Michigan court order titled, "Order on Petition to Discontinue Sex Offender Registration," that pertained to Applicant's 1996 Michigan conviction for Criminal Sexual Conduct. This order confirmed that Applicant's 1996 Michigan offense of conviction had been a consensual sex act, committed when the victim was between 13 and 16 years old and Applicant was not more than four years older than the victim. The order also discontinued the sex offender registration requirement for such offenses.

In its September 27, 2023, findings and conclusions, the habeas court finds that Applicant's Michigan conviction is not a sex offense for purposes of Texas Government Code §§ 508.228 and 508.1862. Applicant has no convictions that are sex offenses. The habeas court concludes, therefore, that the Parole Board's imposition of the requirement that Applicant complete a four-month sex offender education program, without a conviction for a sex offense and without a finding that Applicant lacks sexual control, violates Applicant's due process rights. The habeas court recommends that any and all sex offender conditions or programs should be immediately removed from Applicant's supervised release. We agree.

Relief is granted. A parole board cannot impose sex offender conditions on someone who has not been convicted of a sex offense, when those conditions are imposed without a particularized justification developed in accordance with procedural due process. *See Ex parte Campbell,* 267 S.W.3d 916, 926 (Tex. Crim. App. 2008). Applicant does not have a sex offense conviction for purposes of Texas Government Code §§ 508.228 and 508.1862. Therefore, the sex offender conditions were unlawfully imposed. They shall be immediately removed from the terms of Applicant's supervised release. Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division, the Board of Pardons and Paroles, and the Parole Division.

Filed:  NOVEMBER 08, 2023
Do not publish